IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Brian Pepe, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 2:06-cv-01225-GLL |
| | ) | |
| v. | ) | Judge Gary L. Lancaster |
| | ) | |
| Accredited Home Lenders, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This Stipulation for Settlement (the "Stipulation") is entered into between Plaintiffs Bryan Pepe, Jason Rausch, Michael Ravotta, Lesley Stankivic, Erik Tomko and James Brent (collectively, "Plaintiffs") through their attorneys, Nichols, Kaster and Anderson, PLLP ("NKA"), and Defendant Accredited Home Lenders, Inc., any and all of its owners, officers, directors, employees, predecessors or successors, divisions, subsidiaries, and affiliates (collectively, "AHL"), through its attorneys, Littler Mendelson, P.C.

I.   **STIPULATED RECITALS.**

A.   On September 15, 2006, Plaintiffs filed their Complaint in the above-referenced matter, alleging that AHL had violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* ("the Lawsuit"). Plaintiffs allege that they were employed by AHL as loan officers, and that during their employment, they regularly worked more than forty hours in a single workweek and were not paid overtime compensation. AHL filed its Answer to Plaintiffs' Complaint and denied their allegations.

B.   Since the filing of the Lawsuit, the parties have engaged in substantial discovery. Plaintiffs have deposed members of AHL's managerial staff, and AHL deposed some or all of the Plaintiffs. The parties also served and responded to written discovery requests, including interrogatories and requests for production of documents. AHL produced documentation

Firmwide:82695523.1 052986.1002

regarding the individual Plaintiffs, AHL's payroll, employment, and training policies, and other matters relevant to the issues raised by the parties' pleadings and Plaintiffs' employment as loan officers.

**C.** Both parties, through their counsel, are familiar with the facts of the case and the legal issues raised by the pleadings. The parties have engaged in negotiations directed towards settlement of this matter since April 2007. The terms and conditions of settlement reflected in this Stipulation are a product of those negotiations, which were conducted at arm's length and facilitated by a third-party neutral, a former federal magistrate.

**D.** AHL denies any liability or wrongdoing of any kind associated with the claims alleged in the Lawsuit. AHL contends that it has complied at all times with the FLSA, and that Plaintiffs were properly paid for all hours worked, including hours worked in excess of forty hours in a single workweek. Nevertheless, AHL has entered into this Stipulation to avoid the cost and inconvenience of further litigation. Plaintiffs have entered into this Stipulation because the settlement reflects a reasonable compromise of the parties' disputed issues, chiefly, to what extent Plaintiffs are owed unpaid overtime wages. Additionally, in light of recent market fluctuations affecting the subprime lending industry, Plaintiffs believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

**E.** Plaintiffs, AHL, and their respective counsel, stipulate and agree that the terms and conditions of settlement set forth in this Stipulation are fair, reasonable, and in the best interest of the Plaintiffs. Nothing in this Stipulation shall be construed or deemed to be an admission of liability or wrongdoing on the part of AHL. Pursuant to Federal Rule of Evidence 408, this Stipulation shall not be admissible in evidence in any proceeding; except that the Stipulation may be filed and used in this Lawsuit or any related litigation as necessary to

approve, interpret, or enforce this Stipulation, or in any subsequent action against or by AHL to support a stay of such subsequent action, or to establish a defense of res judicata, collateral estoppel, waiver, release, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

**II.     DISMISSAL OF THE LAWSUIT WITH PREJUDICE.**

Pursuant to the terms and conditions of this Stipulation, Plaintiffs agree that their claims alleged in the Lawsuit may and should be dismissed by the Court with prejudice. The parties will be responsible for their own costs and attorneys' fees except as otherwise provided in this Stipulation.

**III.    SETTLEMENT CONSIDERATION.**

A.   In exchange for (1) the dismissal of the Lawsuit described in Section II; (2) the Plaintiffs' execution of Settlement Approval and Release of claims as described in Section IV; and otherwise subject to the terms and conditions of this Stipulation, AHL agrees to pay Plaintiffs the total aggregate sum of $81,851.38 ("the Settlement Amount"), inclusive of Plaintiffs' attorneys' fees and costs, to resolve the Settled Claims, as further defined in Section IV below.

B.   The parties agree that the Settlement Amount shall be allocated as follows:

1.   Plaintiffs shall be allocated the total sum of $23,455.01, as W-2 wages ("the W-2 Wages Portion"). AHL shall deduct all applicable withholding taxes and other amounts required by law from the sum allocated to each individual Plaintiff, and AHL will issue a W-2 form to each Plaintiff reflecting payment of the W-2 Wages Portion of the Settlement Amount.

2. Plaintiffs shall be allocated the total sum of $23,454.92, as Form 1099 income for liquidated damages ("the Liquidated Damages Portion"), and AHL shall issue a Form 1099 to each Plaintiff reflecting payment of the Liquidated Damages Portion of the Settlement Amount.

3. NKA shall allocate the W-2 Wages Portion and the Liquidated Damages Portion of the Settlement Amount among the Plaintiffs, as set forth in the attached Exhibit A. AHL adopts this allocation as its offer of settlement to each Plaintiff.

4. The settlement amounts were tailored to each Plaintiff based on his or her rate of pay, the alleged number of hours worked per week, the number of weeks worked in a two-year statute of limitations period, and other factors unique to each individual. Generally, each Plaintiff will receive their overtime pay at one and one-half (1.5) times their regular rate for up to five (5) hours per week within the statutory period.

5. Consistent with the fee agreement entered into between NKA and the Plaintiffs, NKA shall be allocated the total sum of $34,941.45, for Plaintiffs' legal fees and costs as Form 1099 income ("Plaintiffs' Legal Costs and Fees"). AHL shall issue a Form 1099 to NKA, Tax ID No. 41-1279431, reflecting this payment.

C. Plaintiffs shall be solely responsible for payment of any and all federal, state and local taxes due on the amounts payable under this Stipulation, with the sole exception of AHL's statutory tax obligation under FUTA/FICA, and Plaintiffs will indemnify, defend, and hold AHL harmless from and against any and all costs, interest, liability or penalties relating to such taxes

or penalties. Neither Plaintiffs nor NKA will be eligible for or claim entitlement to any further payment, including any payment of attorneys' fees, except as otherwise provided by this Stipulation. Plaintiffs agree to provide AHL with their last known mailing address in order to facilitate delivery of appropriate tax-related notices.

    **D.** AHL shall make payment of the Settlement Amount, in accordance with the provisions of Section III.B of this Stipulation, by delivery of one (1) settlement check for each Plaintiff participating in the settlement and a single check representing Plaintiffs' Legal Costs and Fees to the offices of NKA within ten (10) days following the Court's entry of Final Judgment of Dismissal.

**IV.    WAIVER AND RELEASE OF CLAIMS AND COVENANT NOT TO SUE.**

    As a material inducement to AHL to enter into this Stipulation, and in consideration of AHL's promise to make the payments set forth in Section III of this Stipulation, each Plaintiff has executed a Settlement Approval and Release of claims in a form similar to Exhibit B attached to this Stipulation and has expressly released all claims asserted in the Lawsuit; all claims involving and/or relating to alleged unpaid overtime or regular wages under federal law, including the FLSA, as well as claims involving and/or relating to similar state laws that establish a right to overtime, premium pay, or other wages; any claim related to meal or rest periods; interest on any alleged overtime or other wage payment claim; liquidated and/or any other form of punitive or penalty damages; and any other available monetary relief, including attorneys' fees, for failure to pay all monies due for hours worked ("the Settled Claims"). Pursuant to such Release of claims, Plaintiffs covenant and agree not to sue or bring any judicial action, whether federal or state, now or at any future time, against AHL with respect to any Settled Claim.

V.   **REPRESENTATIONS OF COUNSEL.**

A.   NKA represents and warrants that, within two weeks of the entry of Final Judgment of Dismissal of the Lawsuit, they will destroy all documents produced by AHL or return said documents to AHL's counsel, including all electronic data, unless such documents or data were attached to pleadings, memoranda, or other papers filed with the Court.

B.   NKA represents that they will remove all reference to the Lawsuit and AHL from any location maintained by NKA on the worldwide web, including NKA's website at www.overtimecases.com, within ten (10) days of the entry of Final Judgment of Dismissal.

C.   Plaintiffs, AHL, and both parties' counsel further agree that they will not hold press conferences or otherwise affirmatively bring information regarding the settlement described in this Stipulation to the attention of the media.

VI.   **MISCELLANEOUS PROVISIONS.**

A.   The parties and their respective counsel agree that this Stipulation and its terms will be regarded as privileged and confidential communications between the parties except to the extent that its approval requires submission to the Court, and neither they nor their counsel will reveal or disclose either the terms, the substance, or the existence of the Stipulation to any other person, except as required by this Stipulation and other legal process. This restriction applies to any member of the public and to any current, future or former employee of AHL. If disclosure is compelled by legal process, the party so compelled agrees to notify the other party as soon as notice of such process is received and before disclosure takes place. Notwithstanding these provisions, any Plaintiff may disclose the terms of this settlement to his/her spouse, certified accountant or financial advisor, upon those individuals agreeing to maintain this the terms of settlement in strict confidence, as set forth in this section. Further, nothing in this section limits

AHL's ability to disclose information contained in the Stipulation to those persons with a legitimate business reason to have access to the information. If any party or counsel is asked the status of the matter, he, she or it shall reply that "the matter has been resolved."

**B.** This Stipulation and compliance with this Stipulation shall not be construed as an admission by AHL of any liability or wrongdoing whatsoever, or as an admission by AHL of any violation of any Plaintiff's rights or the rights of any other person, or as a violation of any order, law, statute, duty or contract whatsoever as to any Plaintiff or any person. AHL specifically disclaims any liability to Plaintiffs or any other person for any alleged violation of Plaintiffs' rights, or the rights of any other person, or for any alleged violation of any order, law, statute, duty or contract by AHL.

**C.** The validity of this Stipulation and any of its provisions and conditions, as well as the rights and duties of the parties, shall be interpreted and construed pursuant to and in accordance with the internal laws, and not the law of conflicts, of the Commonwealth of Pennsylvania, except to the extent otherwise governed by the laws of the United States.

///

///

///

///

///

///

///

///

D.   This Stipulation, the Exhibits attached hereto, and the documents expressly referenced herein, constitute the entire agreement between the parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary or contradict the terms of the Stipulation.

Date: July 05, 2007

*/s/ Charles D. Frohman*
Donald H. Nichols (#78918)
Paul J. Lukas (#22084X)
Michelle R. Fisher (#303069)
Sarah M. Fleegel (#34557X)
Charles G. Frohman (#0386695)
**NICHOLS KASTER & ANDERSON, PLLP**
80 South 8th Street, Suite 4600
Minneapolis, Minnesota 55402
Telephone: 612.256.3200
Facsimile: 612.215.6870

**ATTORNEYS FOR PLAINTIFFS**

Date: July 12, 2007

*/s/*
Robert W. Pritchard, PA Bar No. 76979
Denise R. Brossman, PA Bar No. 201483
**LITTLER MENDELSON, P.C.**
Dominion Tower
625 Liberty Ave., 26th Floor
Pittsburgh, PA 15222
Telephone: 412.201.7628
Facsimile: 412.774.1957

**ATTORNEYS FOR DEFENDANT ACCREDITED HOME LENDERS, INC.**